## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANE DOE

                     Plaintiff,

v.

SOMERSET COUNTY
DISTRICT ATTORNEY'S OFFICE;
SOMERSET COUNTY;
and JEFFREY THOMAS

               Defendants.

CIVIL No.   2:23-CV-218

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT

AND NOW, comes the Plaintiff, Jane Doe, by and through her attorneys, Walter J. Nalducci, Esquire and Cutruzzula & Nalducci and files this action against the Defendants upon a set of particulars of which the following is a statement:

## I.
## NATURE OF THE ACTION

1.     This is an action brought by the Plaintiff against Defendants, Somerset County, and the Somerset County District Attorney's Office, by and through its agent and servant, Jeffrey Thomas, individually and in his office capacity of the Somerset County District Attorney for his use of excessive force and assault resulting in the injuries to Plaintiff, Jane Doe, under the color of law in violation of her individual rights under the Fourth Amendment of the United States Constitution and in violation of her civil rights pursuant to 42 U.S.C. §1983.

2.     Plaintiff alleges that the Somerset County, Somerset County District Attorney's Office and its policymakers failed to properly train supervise, screen, discipline, transfer, counsel, remove or otherwise control employees and/or elected officials who were known, or

who should have been known, to engage in the use of harassment and excessive force, including those elected officials repeatedly accused of such acts. The policymakers and/or decisionmakers had a duty, but failed to implement and/or enforce policies, practices and procedures for the Somerset County District Attorney's Office that respected Plaintiff's constitutional right to assistance and protection. The Defendants' failure to adequately supervise, monitor and train Defendant Thomas, and to implement the necessary policies and the implementation of unconstitutional policies caused Plaintiff's unwarranted and excruciating physical and mental anguish. Defendant Thomas consciously disregarded the rights of Plaintiff knowing that the policymakers would approve and ratify, or at very least ignore his actions. For these civil rights violations and other causes of action discussed herein, Plaintiff seeks answers and compensation for damages and injuries sustained.

## II.
## PARTIES

3.       Plaintiff Jane Doe is a person of full age of majority and a resident of Somerset County Pennsylvania.

4.       Defendant Jeffrey Thomas is and or was at all times acting under color of law in the scope and course of his duties as a District Attorney with the Somerset County District Attorney's Office. He is being sued in his individual and official capacity as an employee of the Somerset County District Attorney's Office.

5.       That Defendant Thomas has been elected by his peers to serve as Somerset County District Attorney.  In this capacity, he had administrative duties over the manner in which the office operates on a day-to-day basis, including among other matters, the overall supervision of his staff and influence over law enforcement and judicial proceedings in the County.

6.     That Defendant Somerset County District Attorney's office is part of the Pennsylvania Unified Judicial System.

7.     That Defendant, Somerset County is a political subdivision of the Commonwealth of Pennsylvania.  Its principal place of business is located at 300 North Center Avenue Somerset, PA 15501

8.     The claims brought by the Plaintiff arise out of acts committed by the individual Defendants in the course of performing their administrative duties to the Commonwealth of Pennsylvania.

## III.
## JURISDICTION AND VENUE

9.     This action is instituted under the United States Constitution, particularly under the provision of the Fourth and Fourteenth Amendment and under federal law, particularly the Civil Rights Act of 1871 hereinafter referred to as the "Act", as amended, 42U.S.C. §§ 1983 and 1988.

10.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1331, §1343(3), §1343 (4) and § 1367 regarding the principals of pendent and supplemental jurisdiction over related state law claims.

11.     Venue is proper in the Western District and is properly laid pursuant to 28 U.S.C. §1391, insofar as the alleged unlawful conduct complained on in this Complaint, which forms the factual and legal basis of the Plaintiff's Claim, arose within the geographical limits of this District in general and within the geographical limits of Somerset County, Pennsylvania, in particular.

## IV.
## FACTS

12.     Plaintiff incorporates by reference paragraphs 1 through 11 as if fully set forth herein.

13.     That prior to and during the time that the aforementioned assault had occurred, Defendant Thomas had exhibited a number of signs, propensities, behaviors and acted in ways which were counter to the obligations and his duties of an officer of the Court as well as those associated with his position as the Somerset County District Attorney and that Defendants District Attorney's Office and/or Somerset County knew or should have known about as well as the dangers that these signs, propensities, behaviors and actions exposed Plaintiff and the community too.

14.     That Defendant Thomas's initial involvement with Plaintiff occurred in the fall of 2018 after Defendant Thomas spoke to Plaintiff regarding purchasing a vehicle from her. That Defendant Thomas texted her stating he was no longer interested in the vehicle but continued to send her unwanted texts in the following months.

15.     That in 2019, Defendant Thomas was elected to the Somerset County District Attorney Office. That Defendant Thomas would continually mention his position with the District Attorney's Office through text messages to Plaintiff.

16.     That Defendant Thomas therein began showing up at a restaurant that Plaintiff would frequent with friends. That it is believed that one of the bartenders would inform Defendant Thomas when Plaintiff was at the restaurant.

17.     That in the Summer of 2020, Plaintiff rented an apartment off the owner of said restaurant. After three days of her moving in, Defendant Thomas arrived at her house and gained access inside when her roommate ran out to her vehicle. That Plaintiff texted her roommate to please stay since she didn't invite him and was unsure why he had shown up. That Plaintiff never informed Defendant Thomas where she was living and is unsure how he obtained that information.

18.     That following that encounter, Defendant Thomas showed up to her residence uninvited two additional times to attempt to gain access wherein Plaintiff hid under a blanket and shut off her phone.

19.     That in the months leading up to the assault in question, Defendant's interactions began to take a more aggressive tenor, wherein he began to send Plaintiff several sexually graphic and explicit messages.  Many of those messages to the Plaintiff from the Defendant included references to sexual activities accompanied by physical suffering.

20.     That on or about September 18, 2021, Defendant Thomas entered Plaintiff's home without her permission, physically and sexually attacked her in her living room while her minor child was upstairs asleep.

21.     That Plaintiff was strangled during the attack which caused severe bruising on her neck and was unable to swallow food in the days following. That during the attack, Plaintiff feared for her life and thought she would lose consciousness while being choked.

22.     That Defendant repeatedly punched Plaintiff while sexually assaulting her.

23.     Upon information and belief, Defendant Thomas had a history of being disrespectful, sexually harassing and even assaultive to women as well for other Constitutional violations committed, all of which was known to the policymakers and/or decisionmakers and Somerset County.  This history had previously gone undisciplined and uncorrected and, in essence, these past actions were condoned and encouraged by policymakers and decisionmakers in Somerset County, leading to the Constitutional violations complained of in this action.

24.     It is believed and therefore averred that little or no discipline, nor remedial or more or better training, was issued or required by the decision makers and or policy makers of

Somerset County regarding the past clear Constitutional violations committed by members of the office.

25.     Upon information and belief, Defendants Somerset County District Attorney's Office and Somerset County itself failed to provide any and/or inadequate rules, regulations, or procedures pertaining to the proper treatment of individuals or if they did, that they were routinely not enforced.

26.     The aforesaid acts and omissions of the Defendants evidence a deliberate indifference to the rights of individuals, such as the Plaintiffs, under the Fourth and Fourteenth Amendment of the United States Constitution.

27.     At all relevant times here too, the legal principles regarding the rights of persons, such as Jane Doe, were well established and it was not reasonable for the Defendants to believe that their actions would not deprive Plaintiff of those rights.

28.     The actions of the Defendants violated the clearly established and well settled federal constitutional rights of Plaintiff as more clearly set forth in the counts below.

29.     Defendant Thomas's conduct, and sexually assaulting Plaintiff under his control was totally and completely outrageous and is unacceptable in a civilized society.

30.     Defendant Thomas was a District Attorney who unconstitutionally took advantage of Plaintiff and his position of power and authority over Plaintiff, and sexually assaulted her while she did not consent to Defendant Thomas's advances.

31.     The Defendant County decisionmakers and/or policymakers failed to adopt and enforce reasonable and necessary policies and procedures to end the culture of abuse and delivered indifference to the rights and safeties of others that had become the long-standing hallmark of the Somerset County District Attorney's Office. The County's decisionmakers

and/or policymakers continued to encourage this custom and practice of deliberate indifference to the constitutional rights of others by rewarding inappropriate actions; by failing to promulgate appropriate roles, regulations and policies; by failing to enforce existing rules and regulations; by failing to discipline; by inappropriate hiring, screening, training, testing, retention, supervision and promotions; and by reinforcing the old cultures of deliberate indifference.

32.     As a direct and proximate result of the said acts or admissions of Defendant Thomas, and that of Defendants, Somerset County District Attorney's Office and Somerset County the decision makers and or supervisors, the Plaintiff suffered *inter alia,* the following injuries and damages:

   a.   physical and mental pain and suffering, in both the past and the predictable future, including discomfort, ill health, loss of sleep, and other emotional injuries including stigma, humiliation, distress, fright, PTSD and emotional trauma;

   b.   medical and psychological expenses, past and future;

   c.   loss of liberty;

   d.   invasion of her privacy and freedom of association;

   e.   Loss of bodily integrity;

   f.   loss of life pleasures;

   g.   damage to her reputation, embarrassment and humiliation;

   h.   loss of employment, income and shortening of economic horizons;

   i.   general damages for violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and to the extent the Pennsylvania Supreme Court may hereafter authorize it, relief, including as hereafter requested under article one, Section 8 of the Pennsylvania Constitution; and

j. punitive damages, against Defendant Thomas individually, which are justified factually as alleged her in, and legally, because Defendant Thomas acted maliciously and or wantonly in violating the Plaintiff's constitutional, Federal and State, protected rights and intentionally, recklessly and willfully engaged in reprehensible and outrageous conduct not to be tolerated in a civilized society.

33. Plaintiff further seeks counsel fees and cost as authorized by statute.

34. That following the assault Plaintiff was overcome with fear and anxiety. Plaintiff was fearful of reporting the District Attorney and figured it was her word against his.

35. The actions of Defendant Thomas violated the clearly established and well settled federal constitutional rights of the Plaintiff and it was unreasonable for the Defendant to believe that he was not violating such rights as more clearly set forth in the counts below

36. The Defendants, individually and collectively, at all times pertinent to this claim asserted herein, acted under color of state law.

37. While acting under color of state law, the Defendants deprived the Plaintiff of various federal constitutional rights.

## V.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF RIGHT TO BODILY INTEGRITY
### (Against Jeffrey Thomas Individually and in his official capacity)
### 4 2U.S.C. § 1983

38. Plaintiff incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39. It is well established that individuals have a constitutional liberty interest in the personal bodily integrity that is protected by the due process clause of the Fourteenth Amendment.

40.     The contours of the right to bodily integrity are sufficiently clear that a general constitutional rule already identified in the decisional law applies with obvious clarity to the facts alleged here in.

41.     The actions attributed to Defendant Thomas herein before constitutes a clear conscious shocking disregard for Plaintiffs right to bodily integrity because, among other things rather than serving to protect Plaintiff, the Defendant acted for his own personal gratification and sexually assaulted Plaintiff after he attacked her in our own home.

42.     Defendant Thomas violated Plaintiffs substantive due process rights under the 14th amendment to the United States Constitution by violating Plaintiff's bodily integrity as stated in detail hereinbefore.

43.     Defendant Thomas used his position of authority under the color of law and use of force, to sexually assault the Plaintiff.

44.     The Plaintiff had the right not to be a sexually assaulted by Thomas an elected District Attorney.

45.     That Defendant Thomas's actions of sexually assaulting the Plaintiff constitute a deprivation of rights guaranteed to the Plaintiff under the United States constitution and were committed under the color of law, is paid by the taxpayers of Somerset County, made numerous references to his position at the District Attorney's Office, and was endowed with, and did exercise, al the indicia of, the compulsion afforded by, his status as District Attorney.

46.     As a result of Defendant Thomas's violation of Plaintiff's right to bodily integrity in violation of her Fourteenth Amendment rights, the Plaintiff suffered damages as stated herein.

47.     That Defendant Thomas is liable for his personal involvement in the commission of the acts complained of here.

48.     That Defendants, the Somerset County District Attorney's Office and Somerset County are liable for the acts of Defendant Thomas, pursuant to the claim of Municipal Liability and supervisory liability, as expressly set forth herein, and which is incorporated by reference as if set for et extenso here.

49.     Further, the conduct exhibited by the Defendant which occurred on September 18, 2021 was not unexpected. Neither were they the deeds of independent, non-supervisory actor. But instead they constituted predictable behaviors of an inappropriately elected and retained, psychologically and/or emotionally unfit and inadequately trained individual who also operated with perceived impunity due to the deliberate indifference of the County, policymakers and decisionmakers, and their joint policies, practices and customs which operated as the moving force behind what Thomas believed to be his unaccountable effort to engage in what had become all too customary, Constitutional deprivations directed at a member of the community.

50.     Accordingly, Defendants are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983. Plaintiffs seeks damages, including for the nature and extent of Plaintiff's injuries, pain and suffering, emotional distress, and enjoyment of life. Plaintiff also seeks attorney's fees.

WHEREFORE, Plaintiff ask for the entrance of judgment against the Defendants, individually and jointly, as follows:

a.     compensatory damages in an amount to be determined by this Court to be just, fair and reasonable;

b.     punitive damages;

c.     prejudgment and post judgment interest;

d.     the costs incurred in the prosecution of this matter;

e.     reasonable counsel fees; and,

f.     such other and further relief as the Court deems just and appropriate.

## COUNT II
## UNLAWFUL SEIZURE AND EXCESSIVE USE OF FORCE
### (Against Jeffrey Thomas Individually and in his official capacity)
### 4 2U.S.C. § 1983

51.   Plaintiff incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52.   The Fourth Amendment of the United States constitution protects persons from being subjected to unlawful seizure and excessive force.

53.   The Plaintiff was subjected to a seizure within the meaning of the Fourth Amendment through the application of force and through the manner in which Defendant Thomas restrained the Plaintiff during his sexual assault upon her.

54.   Said seizure was unlawful and did not serve a legitimate government objective but merely served Defendant Thomas's personal sexual gratification. Said seizure and the application of force against the Plaintiff was unreasonable under the circumstances and unconstitutionally excessive in violation of the Fourth Amendment as applied to the states through the Fourteenth Amendment.

55.   Defendant Thomas used excessive force in the sexual assault of the Plaintiff in that any amount of forced used by the Defendant was unreasonable this included the forcible compunction associated with the authority of his position and the powers he held over Plaintiff at all relevant times.

56.   The physical force used was not constitutionally or lawfully permitted much less required nor should it have been employed.

57.     Defendant Thomas used excessive force in his encounter with the Plaintiff by intentionally, willfully and wantonly sexually assaulting her.

58.     The use of force by the Defendant was not reasonable under the constitution where as here there was no authority for any force to be used, much less force to accomplish a sexual assault.

59.     The nature and degree of force utilized against the Plaintiff by Defendant Thomas was willful, wanton, reckless, outrageous, reprehensible, malicious, vicious, intentional, malevolent, and not be tolerated in a civilized society and clearly warrants an award of punitive as well as compensatory damages.

60.     As a result of the unlawful seizure and restraint of, and the excessive force use of force employed against the Plaintiff in violation of her Fourth Amendment rights the Plaintiff suffered damages as stated herein.

61.     Defendant Thomas is liable for his personal involvement in the Commission of the acts complained herein.

62.     That Defendants Somerset County District Attorney's Office and Somerset County are liable for the acts of Defendant Thomas pursuant to the claims of municipal liability, expressly set forth herein, and which are incorporated by reference as if set forth herein.

63.     Further, the conduct exhibited by the Defendant which occurred on September 18, 2021 was not unexpected.  Neither were they the deeds of independent, non-supervisory actor. But instead they constituted predictable behaviors of an inappropriately elected and retained, psychologically and/or emotionally unfit and inadequately trained individual who also operated with perceived impunity due to the deliberate indifference of the County, policymakers and

decisionmakers, and their joint policies, practices and customs which operated as the moving force behind what Thomas believed to be his unaccountable effort to engage in what had become all too customary, Constitutional deprivations directed at a member of the community.

64.     Accordingly, Defendants are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983. Plaintiffs seeks damages, including for the nature and extent of Plaintiff's injuries, pain and suffering, emotional distress, and enjoyment of life. Plaintiff also seek attorney's fees.

WHEREFORE, Plaintiff asks for the entrance of judgment against Defendants, individually and jointly, as follows:

a.      compensatory damages in an amount to be determined by this Court to be just, fair and reasonable;

b.      punitive damages;

c.      prejudgment and post judgment interest;

d.      the costs incurred in the prosecution of this matter;

e.      reasonable counsel fees; and,

f.      such other and further relief as the Court deems just and appropriate.

## COUNT III
## MUNICIPAL LIABILITY
### (Against Somerset County District
### Attorney's Office and Somerset County)
### 42 U.S.C. § 1983

65.     Plaintiff incorporates by reference paragraphs 1 through 64 as if fully set forth herein.

66.     The Somerset County District Attorney's Office and Somerset County operate under Code and, to the extent that they are not inconsistent, its own enacted Code and related ordinances promulgated by the duly elected individuals.

67.     On and for some time prior to September 18, 2021 and continuing to the present date, Defendant Somerset County District Attorney's Office and Somerset County deprived Plaintiff of the rights and liberties secured to her by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendant and its supervising, and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Jane Does, and of persons in her class, situation and comparable position in particular, knowingly maintained, enforced and applied an official policy recognized by the Somerset County District Attorney's Office and Somerset County.

68.     Defendant Thomas acted under color of law.

69.     Defendant Thomas acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant Somerset County District Attorney's Office. That Defendants failed to properly sanction, or discipline elected officials who were aware of and conceal and/or aid and abet violations of constitutional rights of citizens by the Defendant Thomas, thereby causing and encouraging the elected officials including the Defendant to violate the rights of citizens such as Plaintiff.

70.     That the above-described injuries and damages to Plaintiff were caused solely by and were the direct and proximate result of the actions and/or violations of the Federal and/or State Constitution of these Defendants, itself and acting through its agents, servants, workmen and/or employment, said actions and actions and/or violations of the Federal, State Constitution,

depriving Plaintiff of her rights to be free from unreasonable and excessive force, bodily

integrity and to be secure in her person o due process of law. As a result of the conduct of this

Defendant, Plaintiff, suffered injuries in violation of her rights under the law and Constitution of

the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C.

§1983.

71.    That Defendants encouraged, tolerated, ratified and had been deliberating

indifferent to the following patterns, practices and customs and to the need for more or different

training, supervision, investigation or disciplines in the areas of:

### FEDERAL CIVIL RIGHTS VIOLATION

a.    The use of unreasonable force and excessive force
by elected officials;

b.    The proper exercise of power, including but not
limited to the unreasonable use of force and the
excessive use of force;

c.    The monitoring of elected officials whom it knew or
should have known were suffering from emotional
and/or psychological problems that impaired their
ability to function as a District Attorney

d.    The failure to identify and take remedial or
disciplinary action against the District Attorney who
were the subject of prior civilian or internal
complaints of misconduct;

e.    District Attorney's use of their status as District
Attorney's to employ the use of excessive force or
to ends not reasonably related to their elected
duties;

f.    The failure of the District Attorney to follow
established policies, procedures, directives, and
instructions, regarding the use of force and arrest
powers under such circumstances as presented
herein;

WHEREFORE, Plaintiff asks for the entrance of judgment against the Defendants,

individually and jointly, as follows:

    a.    compensatory damages in an amount to be determined by this Court to be just, fair and reasonable;

    b.    punitive damages;

    c.    prejudgment and post judgment interest;

    d.    the costs incurred in the prosecution of this matter;

    e.    reasonable counsel fees; and,

    f.    such other and further relief as the Court deems just and appropriate.

## COUNT IV
## NEGLIGENCE
## (STATE LAW AGAINST DEFENDANT THOMAS)

72.    Plaintiff incorporates by reference paragraphs 1 through 71 as if fully set forth herein.

73.    Should it be judicially determined by order, verdict and or judgment, that the acts and omissions of Defendant Thomas were not intentional or willful, then, in that case, the Plaintiff contends, alleges and affairs that Defendant Thomas's acts were negligent, and fell below the standard of care reasonably to be expected by an elected official of the law, under the circumstances presented.

74.    Specifically, Defendant Thomas had a duty to act or not act within a reasonable standard of conduct for the protection of others against unreasonable risk; The Defendant breached that duty by committing the acts and omissions attributed to him herein before; there exist a closed, casual connection between the conduct of the and the resulting injury; and the Plaintiff was harm and suffered the damages and losses alleged herein before.

WHEREFORE, Plaintiff asks for the entrance of judgment against Defendant Thomas, individually and jointly, as follows:

    a.  compensatory damages in an amount to be determined by this Court to be just, fair and reasonable;

    b.  prejudgment and post judgment interest;

    c.  the costs incurred in the prosecution of this matter;

    d.  reasonable counsel fees; and,

    e.  such other and further relief as the Court deems just and appropriate.

## COUNT V
## NEGLIGENCE
## (STATE LAW AGAINST SOMERSET COUNTY DISTRICT ATTORNEY'S OFFICE AND SOMERSET COUNTY)

75.    Plaintiff incorporates by reference paragraphs 1 through 74 as if fully set forth herein.

76.    At all times relevant Defendant Thomas was employed as a full-time paid District Attorney and Somerset County District Attorney's Office and Somerset County had a right to exercise control over his day to day activities within the time of service, if said actions were contrary to public policy, procedures and/or the applicable laws in place.

77.    That Defendants actions and nonactions attributed to Defendant Thomas complained of hereinbefore were committed within the time and scope of his employment as District Attorney by Defendant Somerset County District Attorney's Office and Somerset County.

78.    The Somerset County District Attorney's Office and Somerset County were negligent in properly screening, in hiring, training and/or controlling his on duty and off duty

actions, resulting proximately, directly and legally in the Constitutional harms and damages suffered by the Plaintiff.

79.     The employer-employee, master servant relationship between Defendant Thomas and Defendants' Somerset County District Attorney's Office and Somerset County renders them vicariously liable for the acts of Defendant Thomas and set forth in details hereinbefore.

80.     Somerset County District Attorney's Office and Somerset County has no immunity from liability based upon any statutory or other protections because the conduct of Defendant Thomas constitutes one or more crimes as well as willful misconduct.

WHEREFORE, Plaintiff asks for the entrance of judgment against the Defendants, individually and jointly, as follows:

     a.  compensatory damages in an amount to be determined by this Court to be just, fair and reasonable;

     b.  prejudgment and post judgment interest;

     c.  the costs incurred in the prosecution of this matter;

     d.  reasonable counsel fees; and,

     e.  such other and further relief as the Court deems just and appropriate.

## COUNT VI
## ASSAULT
### (STATE LAW AGAINST DEFENDANT THOMAS)

81.     Plaintiff incorporates by reference paragraphs 1 through 80 as if fully set forth herein.

82.     Thomas's conduct as described here and before was intended to cause an imminent apprehension of a harmful or offensive bodily conduct with the Plaintiff and actually did cause imminent apprehension.

83.     In doing so, Defendant Thomas committed the state law cause of action for assault and is therefore directly, approximately, and legally liable for the harms said assault inflicted upon the Plaintiff as more fully set forth herein before.

84.     Said conduct was intentional, wanton, and willful entitling Plaintiff, in addition to the compensatory damages sought, to an award of punitive damages or exemplary damages.

WHEREFORE, Plaintiff asks for the entrance of judgment against the Defendant, individually and jointly, as follows:

   a. compensatory damages in an amount to be determined by this Court to be
      just, fair and reasonable;
   b. punitive damages;
   c. prejudgment and post judgment interest;
   d. the costs incurred in the prosecution of this matter;
   e. reasonable counsel fees; and,
   f. such other and further relief as the Court deems just and appropriate.

## COUNT VII
## BATTERY
## (STATE LAW AGAINST DEFENDANT THOMAS)

85.     Plaintiff incorporates by reference paragraphs 1 through 84 as if fully set forth herein.

86.     Thomas's conduct as described here and before amount to the actual infliction of offensive bodily conduct apprehended in the aforementioned assault by Defendant Thomas and therefore constitutes an actionable battery upon the Plaintiff under Pennsylvania law.

87.     As a direct, approximate and legal cause of Defendant Thomas's battery upon the Plaintiff, the Plaintiff suffered and will continue to suffer for an indeterminate time in the future, the damages, harms and losses identified herein before.

88.     Said battery was willful thereby entitling the Plaintiff, in addition to the compensatory damages sought, to an award of punitive and exemplary damages.

WHEREFORE, Plaintiff asks for the entrance of judgment against the Defendant, individually and jointly, as follows:

a.  compensatory damages in an amount to be determined by this Court to be just, fair and reasonable;
b.  punitive damages;
c.  prejudgment and post judgment interest;
d.  the costs incurred in the prosecution of this matter;
e.  reasonable counsel fees; and,
f.  such other and further relief as the Court deems just and appropriate.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST DEFENDANT THOMAS)

89.     Plaintiff incorporates by reference paragraphs 1 through 88 as if fully set forth herein.

90.     As a direct and proximate result of the extreme, outrageous and reckless conduct of the Defendant, the Plaintiff has suffered and continues to suffer from severe emotional distress, emotional distress, mental anguish, bodily harm, psychological trauma, shame, humiliation, fright, horror, grief, anger, disappointment, worry, and psychic pain and suffering, and had instilled in her mind an immediate and permanent sense of fear and trepidation and the conduct, acts and omissions surpass all bounds of decency universally recognized in a civilized society.

91.     As a direct and proximate result of the extreme, outrageous, and reckless conduct of the Defendant, the Plaintiff has suffered the damages as alleged herein.

92.     Defendant, Thomas' acts of sexually assaulting the Plaintiff was not negligent but rather intentional, wanton and willful act which constituted willful misconduct in that he

intended to bring about the result which followed and which was substantially certain to follow.

93.     Said conduct was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.

WHEREFORE, Plaintiff asks for the entrance of judgment against the Defendant, individually and jointly, as follows:

    a.  compensatory damages in an amount to be determined by this Court to be just, fair and reasonable;
    b.  punitive damages;
    c.  prejudgment and post judgment interest;
    d.  the costs incurred in the prosecution of this matter;
    e.  reasonable counsel fees; and,
    f.  such other and further relief as the Court deems just and appropriate.

## COUNT IX
## FALSE IMPRISONMENT
## (AGAINST DEFENDANT THOMAS)

94.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 93 of this Complaint as though fully set forth.

95.     That the above-described injuries and damage to Plaintiff were caused solely and by and were the direct and proximate result of the actions of this Defendant, itself and acting through its agents, servants, workmen, and/or employees, acting within the scope of their agency, servitude, workmanship and/or employment, said actions consisting of <u>inter alia</u>, the following particulars:

**<u>FALSE IMPRISONMENT</u>**

    a.     In falsely imprisoning and/or confining Plaintiff against her

       will; and

      b.      In that Defendant's actions constituted actual malice and

willful misconduct towards Plaintiff.

WHEREFORE, Plaintiff asks for the entrance of judgment against the Defendant,

individually and jointly, as follows:

      a.   compensatory damages in an amount to be determined by this Court to be just, fair and reasonable;
      b.   punitive damages;
      c.   prejudgment and post judgment interest;
      d.   the costs incurred in the prosecution of this matter;
      e.   reasonable counsel fees; and,
      f.   such other and further relief as the Court deems just and appropriate.

## **TRIAL BY JURY**

96.     Plaintiff has paid a jury fee and demands trial by jury.


Respectfully submitted,

CUTRUZZULA AND NALDUCCI


Dated: September 15, 2023      By: _____

                                  Walter J. Nalducci, Esquire
                                  PA ID 69256
                                  310 Grant Street
                                  3300 Grant Building
                                  Pittsburgh PA 15219

## VERIFICATION

    I, Walter J. Nalducci verify that the statements made in the foregoing pleading are true to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: _9/15/2023_

X _____
Walter J. Nalducci, Esquire