IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA JOHNSTOWN

| | |
|---|---|
| JANE DOE | CIVIL ACTION NO. 3:23-cv-218-KRG |
| Plaintiff. | ELECTRONICALLY FILED |
| vs. | |
| SOMERSET COUNTY DISTRICT ATTORNEY'S OFFICE, SOMERSET COUNTY; and JEFFREY THOMAS Defendants. | JURY TRIAL DEMANDED |

## MOTION TO DISMISS THE COMPLAINT

NOW COMES Defendants SOMERSET COUNTY DISTRICT ATTORNEY'S OFFICE and SOMERSET COUNTY, by and through their counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), and files this Motion to Dismiss Plaintiff's Complaint of which the following is a statement:

**I.  Procedural History.**

1. Plaintiff Jane Doe ("Doe") initiated this litigation by filing a Complaint on September 15, 2023. (ECF No. 1).

2. Defendants Somerset County District Attorney's Office and Somerset County ("County Defendants") filed a Waiver of Service on September 27, 2023, thus making their response to the Complaint due on or before November 24, 2023. (ECF No. 11).

**II.  Facts.**

3. Doe first came into contact with Defendant Jeffrey Thomas ("Thomas") in the fall of 2018 after Thomas spoke to her regarding the purchasing of a vehicle. (ECF No. 1, ¶14).

4. Thomas "was elected to Somerset County District Attorney office" in 2019. (Id., ¶15).

5. Thomas showed up "at a restaurant that Plaintiff would frequent with friends" and in the summer of 2020 she moved into a new apartment in which Thomas appeared at her apartment. (Id., ¶¶16-17).

6. On September 18, 2021, Thomas "entered Plaintiff's home without her permission, physically and sexually attacked her in the living room while her minor child was asleep upstairs." (Id., ¶20).

### III. Allegations.

7. The paragraphs set forth above are incorporated herein by reference thereto as if the same were set forth at length.

8. Doe alleges that at all times Thomas "acted under color of law." (Id., ¶68).

9. Doe alleges that the County Defendants "failed to properly **train, supervise, screen, discipline, transfer, counsel, remove or otherwise control employees and/or elected officials** who were known, or should have been known, to engage in the use of harassment and excessive force, including those elected officials repeatedly accused of such acts. (*emphasis added*). (Id., ¶2).

10. Doe alleges under Count I (*identified as just being against "Defendant Jeffrey Thomas individually and in his official capacity," for a "Violation of Right to Bodily Integrity" under 42 U.S.C. §1983*) the following:

> 48. That Defendants, the Somerset County District Attorney's Office, and Somerset County are liable for the acts of Defendant Thomas, pursuant to the claim of Municipal Liability, and supervisory liability, as expressly set forth herein, and which is incorporated by reference as if set forth et extenso here.
>
> 49. Further, the conduct exhibited by the Defendant, which occurred on September 18, 2021, was not unexpected. Neither were the deeds of independent, non-supervisory actor. But instead they constituted predictable behaviors of inappropriately elected and

>   retained, psychologically and/or emotionally unfit and
>   inadequately trained individual who also operated with perceived
>   impunity due to the deliberate indifference of the County,
>   policymakers and decisionmakers, and their joint policies,
>   practices and customs which operated as the moving force behind
>   what Thomas believed to be his unaccountable efforts to engage in
>   what had become all too customarily, Constitutional deprivations
>   directed at a member of the community.

11. Doe then set forth under the title Count II ("*Unlawful Seizure and Excessive Use of Force Against Jeffrey Thomas individually and in his official capacity*") the following against the County Defendants:

> 62. That Defendants, the Somerset County District Attorney's Office, and Somerset County are liable for the acts of Defendant Thomas, pursuant to the claim of municipal liability, as expressly set forth herein, and which are incorporated by reference as if set forth herein.
>
> 63. Further, the conduct exhibited by the Defendant, which occurred on September 18, 2021, was not unexpected. Neither were the deeds of independent, non-supervisory actor. But instead they constituted predictable behaviors of inappropriately elected and retained, psychologically and/or emotionally unfit and inadequately trained individual who also operated with perceived impunity due to the deliberate indifference of the County, policymakers and decisionmakers, and their joint policies, practices and customs which operated as the moving force behind what Thomas believed to be his unaccountable efforts to engage in what had become all too customarily, Constitutional deprivations directed at a member of the community.

12. Doe alleges in Count III "Municipal Liability" and under Count V "Negligence" against the County Defendants.

13. In Count III "Municipal Liability" Doe states that the County Defendants "deprived Plaintiff of the rights and liberties secured to her by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendant and its supervising and managerial employees, agents, and representatives, acting with gross negligence and with

reckless and deliberate indifference to the rights and liberties of the public in general, of Jane Does, and of persons in her class…" (Id., ¶67).

14. Doe argues that the County Defendants "failed to properly sanction, or discipline elected officials who were aware of and conceal and/or aid and abet violations of constitutional rights of citizens by the Defendant Thomas, thereby causing and encouraging the elected officials, including the Defendant to violate the rights of citizens such as Plaintiff." (Id., ¶69).

15. Doe alleges as a result of these actions/inactions by the County Defendants, she suffered violations of her rights under the Fourth and Fourteenth Amendments. (Id., ¶70).

16. Doe states specifically that the County Defendants "encouraged, tolerated, ratified and had been deliberating indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:"

   a. The use of unreasonable force and excessive force by elected officials;

   b. The proper exercise of power, including but not limited to the unreasonable use of force and the excessive use of force;

   c. The monitoring of elected officials whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as a District Attorney;

   d. The failure to identify and take remedial or disciplinary action against the District Attorney who were the subject of prior civilian or internal complaints of misconduct;

   e. District Attorney's use of their status as District Attorney's to employ the use of excessive force or to ends not reasonably related to their elected duty;

   f. The failure of the District Attorney to follow established policies, procedures, directives, and instructions, regarding the use of force and arrest powers under such circumstances as presented herein;

   (Id., ¶71).

17. Doe sets forth in Count V "Negligence" under "State Law" against the County Defendants that they were "negligent in properly screening, in hiring, training and/or controlling his [Thomas] on duty and off duty actions, resulting proximately, directly and legally in the Constitutional harms and damages suffered by the Plaintiff." (Id., ¶78).

18. Finally, Doe argues that the "employer-employee, master servant relationship between Defendant Thomas and Defendants' Somerset County District Attorney's Office and Somerset County renders them vicariously liable for the acts of Defendant Thomas and set forth in details hereinbefore." (Id., ¶79).

19. Doe demands punitive damages against the County Defendants.(Id., ¶64, and Wherefore clauses).

**IV. Issues.**

    **A. WHETHER DOE HAS SET FORTH A VALID CLAIM AGAINST SOMERSET COUNTY DISTRICT ATTORNEY'S OFFICE?**

        **ANSWER:**     **NEGATIVE**

    **B. WHETHER DOE HAS SET FORTH VALID CIVIL RIGHTS CLAIMS DUE TO THE ACTIONS OF THOMAS?**

        **ANSWER:**     **NEGATIVE**

    **C. WHETHER SOMERSET COUNTY HAS LEGAL STANDING TO ACT AGAINST A DISTRICT ATTORNEY?**

        **ANSWER:**     **NEGATIVE**

    **D. WHETHER DOE HAS SET FORTH ANY CIVIL RIGHTS CLAIMS AGAINST SOMERSET COUNTY?**

        **ANSWER:**     **NEGATIVE**

    **E. WHETHER DOE HAS SET FORTH A VALID NEGLIGENCE CLAIM AGAINST SOMERSET COUNTY?**

        **ANSWER:**     **NEGATIVE**

    F.  **WHETHER DOE HAS SET FORTH VALID OFFICIAL CAPACITY CLAIMS AGAINST THOMAS?**

        **ANSWER:**    **NEGATIVE**

    G.  **WHETHER DOE HAS SET FORTH VALID PUNITIVE DAMAGE CLAIMS AGAINST SOMERSET COUNTY?**

        **ANSWER:**    **NEGATIVE**

**V.**    **Arguments.**

**A.**    **The Somerset County District Attorney's Office is not a Proper Party to Sue.**

    20.    The paragraphs set forth above are incorporated herein by reference thereto as if the same were set forth at length.

    21.    The Somerset County District Attorney's Office is not a proper entity for purposes of a legal action thus must be dismissed and stricken from the caption.

    WHEREFORE Defendants Somerset County District Attorney's Office and Somerset County request this Honorable Court dismiss and Somerset County District Attorney's Office from this litigation with prejudice and strike its name from the caption.

**B.**    **No actions by Thomas were Taken "Under Color of State Law."**

    22.    The paragraphs set forth above are incorporated herein by reference thereto as if the same were set forth at length.

    23.    Doe does not set forth facts to support that Thomas was "acting under color of state law" at the time of the attack.

    24.    Doe does not allege any facts that would permit her to satisfy the necessary elements for a §1983 claim.

    25.    Doe will not be able to set forth a valid §1983 claim even if she is afforded the opportunity to amend her pleading.

WHEREFORE Defendants Somerset County District Attorney's Office and Somerset County request this Honorable Court dismiss Somerset County with prejudice.

**C.**     **Somerset County Does Not Have Legal Standing to Remove or Otherwise Discipline a District Attorney.**

26.     The paragraphs set forth above are incorporated herein by reference thereto as if the same were set forth at length.

27.     The Pennsylvania Constitution sets forth the process for the removal of a district attorney from office which requires a "conviction of misbehavior in office or of any infamous crime" and the removal must be accomplished "by the governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate." Pa. Const. Art. VI, §7.

28.     Under the 16 P.S. §1405-1406 and 71 P.S. §732-205 Somerset County lacks the authority to discipline or otherwise interfere with the District Attorney actions/inactions.

29.     Pursuant to the Pennsylvania Constitution and statutes of the Commonwealth, Somerset County lacks authority under the law to "hire, train, supervise, discipline and/or remove" a district attorney who is an elected county official.

30.     As a matter of law any such claims against Somerset County must fail, as no amount of amending will rectify Doe's deficiencies in making such a claim.

WHEREFORE Defendants Somerset County District Attorney's Office and Somerset County request this Honorable Court dismiss with prejudice Somerset County.

**D.**     **Doe's Failure to Set Forth a Constitutional Claim.**

  **1.**     **Fourth Amendment.**

31.     The paragraphs set forth above are incorporated herein by reference thereto as if the same were set forth at length.

32. Doe has not set forth facts to support a Fourth Amendment claim against Somerset County.

WHEREFORE Defendants Somerset County District Attorney's Office and Somerset County request this Honorable Court dismiss with prejudice Somerset County.

**2. Fourteenth Amendment.**

33. The paragraphs set forth above are incorporated herein by reference thereto as if the same were set forth at length.

34. It is not clear if Doe is proceeding on a due process, or an equal protection claim under the Fourteenth Amendment.

35. Regardless of the basis for Doe's Fourteenth Amendment claim, she has failed the satisfy the necessary elements against Somerset County.

WHEREFORE Defendants Somerset County District Attorney's Office and Somerset County request this Honorable Court dismiss with prejudice Somerset County.

**3. No Valid Monell or Respondeat Superior Claims.**

36. The paragraphs set forth above are incorporated herein by reference thereto as if the same were set forth at length.

37. Doe argues that she has a Monell claim against Somerset County and/or a respondent superior claim for the misconduct of Thomas.

38. Doe argues that there is a policy, custom or procedure at issue, she fails to identify sufficiently any such that could be alleged against Somerset County due restrictions under Pennsylvania Constitutional and statutes of the Commonwealth.

39. As a result of the deficiencies, Doe's Monell and/or respondent superior claims should be dismissed.

WHEREFORE Defendants Somerset County District Attorney's Office and Somerset County request this Honorable Court dismiss with prejudice Somerset County.

**E.     Negligence Claim.**

40.     The paragraphs set forth above are incorporated herein by reference thereto as if the same were set forth at length.

41.     Doe has not identified with sufficiency the negligence claim she is alleging against Somerset County.

42.     Doe has not plead under the law and/or facts of her Complaint, a valid claim for negligence in Count V. against Somerset County.

43.     In the alternative, any claims for negligence against Somerset County are barred under the Political Subdivision Tort Claims Act.

WHEREFORE Defendants Somerset County District Attorney's Office and Somerset County request this Honorable Court dismiss any claims of negligence against Somerset County.

**F.     Official Capacity Claims Against Thomas.**

44.     The paragraphs set forth above are incorporated herein by reference thereto as if the same were set forth at length.

45.     Doe alleges "official capacity and individual capacity" claims against Thomas.

46.     Somerset County is requesting that all "official capacity" claims be stricken due to the lack of facts to support such a claim and due to the legal deficiencies as Thomas' actions/inactions do not constitute an official capacity claim.

WHEREFORE Defendants Somerset County District Attorney's Office and Somerset County request this Honorable Court dismiss with prejudice the official capacity claims against Defendant Jeffrey Thomas.

**G.      No Punitive Damages Against the County.**

47.     The paragraphs set forth above are incorporated herein by reference thereto as if the same were set forth at length.

48.     Punitive damages are not recoverable against a governmental entity.

WHEREFORE Defendants Somerset County District Attorney's Office and Somerset County request this Honorable Court strike all punitive damage against Somerset County.


**MARGOLIS EDELSTEIN**


By:  /s/ Mary Lou Maierhofer
**Mary Lou Maierhofer, Esquire**
*Counsel for Somerset County District Attorney's Office and Somerset County*
P.A. I.D. No.: 62175
P.O. Box 628
Hollidaysburg, PA  16648
(814) 695-5064/Fax: (814) 695-5066
mmaierhofer@margolisedelstein.com

## CERTIFICATE OF SERVICE

I, Mary Lou Maierhofer, Esquire of the law firm of Margolis Edelstein, hereby certify that on the 10th day of November 2023, I have served the Brief in Support of the Motion to Dismiss upon Counsel for the Plaintiff, by mailing a true and correct copy of the same by electronic mail and to Defendant Jeffrey Thomas by United States by first class mail, postage prepaid as follows:

Walter J. Nalducci, Esquire
3300 Grant Building
Pittsburgh, PA  15219
wnalducci@cnlawfirm.net
*(Counsel for Plaintiff)*

Jeffrey Thomas
Cambria County Prison
425 Manor Drive
Ebensburg, PA 15931

**MARGOLIS EDELSTEIN**

By:  /s/ Mary Lou Maierhofer
**Mary Lou Maierhofer, Esquire**
*Counsel for Somerset County District Attorney's Office and Somerset County*
P.A. I.D. No.: 62175
P.O. Box 628
Hollidaysburg, PA  16648
(814) 695-5064
Fax: (814) 695-5066
mmaierhofer@margolisedelstein.com