IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANE DOE,

        Plaintiff,                         3:23cv0218

                                        ELECTRONICALLY FILED

   v.

SOMERSET COUNTY, JEFFREY THOMAS,

        Defendants.

## Memorandum Order on Motion to Dismiss

**I.**    **Introduction**

This is a civil rights action brought pursuant to 42 U.S.C. Section 1983, with state law claims of negligence and assault. Pending before this Court is a Motion to Dismiss the Second Amended Complaint filed by Somerset County. Plaintiff Jane Doe alleges that Defendant Jeffrey Thomas, a former Somerset County District Attorney, harassed, intimidated, and sexually assaulted her, and claims Somerset County is liable for acting under color of state law and the *Monell* doctrine for failing to supervise or discipline Thomas.

After a jury trial, Defendant Thomas was convicted of strangulation, unlawful restraint, criminal trespass and indecent assault and was sentenced to 7 years imprisonment   Plaintiff filed

her original complaint in September 2023, later amending it in May 2024 to include Fourth and Fourteenth Amendment claims against Thomas and a municipal liability claim against Somerset County. The District Attorney's Office for Somerset County was voluntarily dismissed as a Defendant. Plaintiff claims that Thomas acted under "color of law" and that Somerset County failed to address known misconduct by elected officials, including Thomas. Plaintiff alleges constitutional violations due to County policies or practices and seeks punitive damages against Defendant Thomas.

Somerset County seeks dismissal of this case with prejudice on the basis that Defendant Thomas was not acting under color of state law during the alleged assault; that Somerset County lacks authority to remove an elected District Attorney under Pennsylvania law; that Plaintiff failed to establish a specific policy or custom that caused her injuries; that official capacity claims against Defendant Thomas are unsupported; and that punitive damages are not available against a governmental entity.[1]

## II.     Standard of Review
### Rule 12(b)(6)

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[1] Plaintiff has agreed to drop punitive damages claims against Somerset County and shall amend her Complaint to do so.

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## III. Discussion

Viewed in light of the foregoing pleading standards, this Court finds that the allegations of the Amended Complaint, when taken as true, allow the Court to draw a reasonable inference that the Defendants are liable for the conduct and misconduct alleged, and that the Amended Complaint meets the standards as enunciated in *Twombly* and *Iqbal*. See also, *Fowler v. UPMC Shadyside*, no. 07-4285 (3d Cir. August 18, 2009), quoting *Iqbal*, 129 S.Ct. At 1949. (To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged).

Accordingly, **AND NOW, this 19th day of May, 2025,** after due consideration to Defendant's Motion to Dismiss the Amended Complaint (see doc. 40, doc. 41 and doc. 45), and Plaintiff's Response thereto (doc. 42), **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is DENIED without prejudice to Defendant raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

SO ORDERED, this 19th day of May, 2025.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:  All ECF Counsel of Record