IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANE DOE,

      Plaintiff,　　　　　　　　　　　3:23cv0218

　　　　　　　　　　　　　　　　　　　　ELECTRONICALLY FILED

  v.

SOMERSET COUNTY, JEFFREY THOMAS,

      Defendants.

### Memorandum Order on the Motion of Defendant Thomas for Plaintiff to Proceed Without the Use of a Pseudonym

    This is a civil rights action brought pursuant to 42 U.S.C. Section 1983, with state law claims of negligence and assault. Plaintiff Jane Doe alleges that Defendant Jeffrey Thomas, a former Somerset County District Attorney, harassed, intimidated, and sexually assaulted her, and claims Somerset County is liable for acting under color of state law and the *Monell* doctrine for failing to supervise or discipline Thomas.

    After a criminal jury trial, Defendant Thomas was convicted of strangulation, unlawful restraint, criminal trespass and indecent assault and was sentenced to 7 years imprisonment. Plaintiff filed her original complaint in September 2023, later amending it in May 2024 to include Fourth and Fourteenth Amendment claims against Defendant Thomas and a municipal liability claim against Somerset County. The District Attorney's Office for Somerset County was voluntarily dismissed as a Defendant. Plaintiff claims that Thomas acted under "color of

law" and that Somerset County failed to address known misconduct by elected officials, including Thomas. Plaintiff alleges constitutional violations due to County policies or practices and seeks punitive damages against Defendant Thomas.

Currently pending before this Court is a Motion filed by Defendant Thomas for Plaintiff to proceed without the use of a pseudonym. Doc. 54. Somerset County does not join in this Motion, and Plaintiff has responded in opposition thereto. In support of Defendant's Motion, he contends that the right of public access and the national media coverage of the criminal trial necessitates a finding that the public interest outweighs the victim's right to anonymity here. Plaintiff counters that both Defendants and especially Defendant Thomas are well-aware of the actual identity of Jane Doe and will not deprive anyone of notice of this claim, nor will it prejudice them in defending against these claims. Additionally, and importantly, Plaintiff contends that allowing Plaintiff to remain anonymous will not hinder the public's right to follow the proceedings. Doc. 65.

As Plaintiff sets forth, and this Court agrees, it is well established that a party may proceed in litigation under a pseudonym in special cases. *Doe v. Megless*, 654 F.3d 404, 408 (3d. Cir. 2011). Use of a pseudonym is appropriate when the following factors weigh in favor of the party seeking to remain anonymous: (1) the extent that the identity of the litigant has remained confidential; (2) the basis upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identity; (5) the undesirability of an outcome adverse to the pseudonymous party and the attributable refusal to pursue the case at the price of being identified; and (6) whether the party

seeking to sue pseudonymously has illegitimate ulterior motives. *Doe v. Megless*, 654 F.3d at 409-410; approving *Doe v. Provident Life & Accident Ins. Co.,* 176 F.R.D. 464, 467-68 (E.D. Pa. 1997).

On the other side of the scale, factors disfavoring anonymity include: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. *Id.* The *Provident Life* Court noted that its list of factors is not comprehensive, and that trial courts "will always be required to consider those [other] factors which the facts of the particular case implicate." *Id.* at 468.

Plaintiff, as the victim of sexual assault at the hands of Defendant, has a well-founded basis for seeking to remain anonymous based upon her legitimate fear of negative repercussions, including further stigmatization by the public after being the victim of sexual assault. Plaintiff and the Somerset County Defendant have not publicly revealed the name of Plaintiff and only the close associates of Plaintiff and the Somerset County Police Department know her identity. Therefore, Plaintiff (and the Somerset County Defendant) have taken steps to protect her identity, which is appropriate given the nature of the criminal conduct here. There is no particular reason why the public would need to know the actual identity of the victim, as Plaintiff contends that she is not a public figure, and moreover, the public has access to the facts and the underlying legal claims. There is also no evidence that Plaintiff has illegitimate ulterior motives, and the position of the Somerset County Defendant, by not joining in Defendant Thomas's Motion furthers that perspective. After careful consideration of each of the above factors, the

Court agrees that Plaintiff may maintain this pseudonym for her own safety and to avoid further public humiliation and embarrassment.  These factors outweigh the public's need to know the name of the victim of the criminal conduct of Defendant, and in other respects, at this juncture, the proceedings will remain open to the public.

After weighing the above factors, the Court finds that Plaintiff may proceed with the use of a pseudonym in this special case.  Accordingly, the Motion of Defendant Thomas to proceed without a pseudonym (Doc. 54) is therefore DENIED.

SO ORDERED, this 27th day of August, 2025.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:  All ECF Counsel of Record

**JEFFREY THOMAS**
QP9446
SCI WAYMART
P.O. Box 256
Waymart, PA 18472
PRO SE